IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MOSES C. WARD,                          §
                                        §
                    Plaintiff,          §
                                        § Civil Action No. 3:06-CV-0145-D
VS.                                     §
                                        §
THE CITY OF DALLAS,                     §
                                        §
                    Defendant.          §

MEMORANDUM OPINION
AND ORDER

The dispositive question presented by defendant's motion for
summary judgment is whether plaintiff's lawsuit is time-barred.
Concluding that it is, the court grants defendant's motion and
dismisses this case with prejudice.

I

Plaintiff Moses C. Ward ("Ward") sues defendant City of Dallas
(the "City"), contending that the City discriminated against him
based on his race and sex, in violation of Title VII of the Civil
Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and
retaliated against him when it discharged him from employment in
the Code Compliance Department in January 2001.  Ward filed his
only charge of discrimination with the Equal Employment
Opportunities Commission ("EEOC") on or about April 18, 2001.  The
EEOC issued Ward a notice of right to sue on or about December 18,
2001, and Ward received it on December 25, 2001.[1]

_____

[1]Ward maintains that he received the notice on December 25,
2001.  P. Br. 3.  The court accepts this assertion as true in

In March 2002 Ward filed his first suit against the City arising from his termination.  Proceeding *pro se*, he sued the City under Title VII for sex discrimination, retaliation, and hostile work environment.  *See Ward v. City of Dallas, Tex.*, No. 3:02-CV-0549-K (Kinkeade, J.) ("*Ward I*").  Judge Boyle, then a magistrate judge, granted him leave to proceed *in forma pauperis* and engaged in the usual screening process.  In August 2003 Judge Kinkeade granted the City's motion to dismiss and dismissed *Ward I* without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief could be granted.  *Id.*

Ward also filed suit against the City in 2002 in Texas state court.  Although the underlying facts were the same as in his federal lawsuit, he asserted only a claim for intentional infliction of emotional distress.  The state court granted the City's plea to the jurisdiction and dismissed the case in July 2003.

In November 2004 Ward filed in this court a second *pro se* action against the City.  *See Ward v. City of Dallas*, No. 3:04-CV-2413-K (Kinkeade, J.) ("*Ward II*").  Ward alleged in *Ward II* that the City had discriminated against him based on his sex, in violation of Title VII, and had retaliated against him and subjected him to a hostile work environment.  Although Ward eventually retained an attorney to represent him in *Ward II*, he

---

deciding the City's motion.

failed to effect service on the City.  Consequently, in August 2005 Judge Kinkeade again dismissed the case without prejudice, this time under Fed. R. Civ. P. 4(m).

On January 20, 2006, represented by the same attorney who represented him in *Ward II*, Ward filed the instant lawsuit.  The City moves for summary judgment based on the affirmative defenses of res judicata[2] and limitations.[3]

II

The court need only consider the City's contention that Ward's lawsuit is time-barred.

A

Because limitations is an affirmative defense as to which the City will have the burden of proof at trial, to obtain summary judgment it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

---

[2]Because the court is dismissing Ward's lawsuit as time-barred, it need not address the City's res judicata argument.

[3]The City also moves to strike Ward's response to the City's motion because it was filed nine days after it was due and Ward did not file a motion for leave to extend time to file a response. Because Ward's tardiness has not interfered with the decisional process of the court and has not unduly prejudiced the City—the court is granting its motion for summary judgment despite the late response—the court declines to strike Ward's response.

B

Title VII actions are governed by a statute of limitations that requires that suit be brought within 90 days of the plaintiff's receipt from the EEOC of a notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1).  A court will dismiss a Title VII action when the plaintiff files his claim after the 90-day statute of limitations has expired.  *See Taylor v. Books A Million, Inc*., 296 F.3d 376, 379 (5th Cir. 2002) ("Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.").  "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Id.*

If a complaint is filed within the 90-day period but is subsequently dismissed, the statute of limitations will bar a second complaint that does not also fall within the 90-day period. *Carter v. Tex. Dep't of Health*, 119 Fed. Appx. 577, 579 (5th Cir. 2004) (per curiam); *see also Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (per curiam) (upholding dismissal as untimely of Title VII claim filed outside 90-day limitations period, even though original lawsuit was timely filed).  For example, in *Carter* the plaintiff timely filed his first Title VII action within 90 days of receipt of his right to sue letters from the EEOC.  *Carter*, 119 F. Appx. at 579.  The case was dismissed without prejudice, and when the plaintiff filed a subsequent case

on the same facts, more than 90 days had expired since the date he had received his right to sue letters. *Id.* He argued that the filing of his second case "related back" to the date of his original pleading under Rule 15(c). *Id.* at 581. The court disagreed, holding that the second complaint could not relate back to the original complaint in another case because Rule 15(c) applies only to pleadings within the same case. *Id.* The court therefore upheld the dismissal of the plaintiff's second action as time-barred. *Id.*

Ward received his notice of right to sue on December 25, 2001. He filed the instant lawsuit against the City on January 20, 2006, well after the 90-day period had expired. The City has therefore shown beyond peradventure that this suit is barred by limitations.

C

Ward seeks to avoid the limitations bar on two principal grounds. First, he contends that because he timely filed *Ward I* within the 90-day period and Title VII does not contain a statute of limitations, the court must look to Texas law and apply a two-year limitations period and Texas tolling rules. Ward posits that there is no authority that provides that, if a timely-filed lawsuit is dismissed without prejudice, the plaintiff must comply again with the 90-day period or file a second charge of discrimination with the EEOC so that a new 90-day period can begin. The court disagrees.

Ward's initial assertion lacks force because it is contrary to settled law. Title VII claims are subject to a "ninety-day limitation period." *Taylor*, 296 F.3d at 379. The court therefore applies a 90-day limitations period, not a two-year Texas statute of limitations. And federal, not state, equitable tolling principles apply. *See, e.g., Neal v. Xerox Corp.*, 991 F. Supp. 494, 499 (E.D. Va. 1998) (holding that federal, not state, equitable tolling principles applied to whether Title VII claim was barred by limitations).

The court also rejects Ward's contention regarding the effect of the dismissal without prejudice of his timely-filed Title VII lawsuit. Ward maintains that there is no authority for the premise that, if a timely-filed lawsuit is dismissed without prejudice, the plaintiff must comply again with the 90-day period or file a second charge of discrimination with the EEOC so that a new 90-day period can begin. This assertion, even if literally true as phrased, is beside the point, because neither option is available to the plaintiff to revive a time-barred claim. The plaintiff does not get a second bite at the 90-day limitations period under either scenario.

In *Price* the Fifth Circuit held that a timely-filed Title VII suit that was dismissed for want of prosecution did not toll the 90-day limitations period. *Price*, 846 F.2d at 1027 (citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985) (per curiam)

- 6 -

(addressing voluntary dismissal)).  Therefore, at least some Title VII suits——those that were dismissed for want of prosecution or dismissed voluntarily——did not toll the limitations period even when they were dismissed without prejudice.  In *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992), the Fifth Circuit held more broadly in the context of a Rule 41(b) involuntary dismissal that "[i]f a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." *Id.* at 1191.  Applying these principles to Ward's case, it is clear that he can only obtain relief from the 90-day limitations period if equitable tolling applies.[4]   *See, e.g., Carmicheal v. Ingram Ready-Mix*, 2006 WL 505735, at *2 (W.D. Tex. Jan. 18, 2006) (holding that where *pro se* plaintiff's first Title VII case was dismissed without prejudice for failure to prosecute and his second suit was filed after 90-day limitations period, his suit was time-barred, and noting that dismissal of timely-filed Title VII complaint did not toll limitations period for subsequent suit and, barring some equitable basis for tolling limitations period, failure to file

---

[4]Ward's contention that a plaintiff need not comply with the 90-day period once he has filed a timely Title VII lawsuit is at least somewhat inconsistent with the rationale for equitable tolling.  If it were unnecessary to comply with the original 90-day period, i.e., if a new 90-day period commenced following the dismissal of each lawsuit, there would be no need to consider whether the 90-day limitations period that was tied to receipt of notice of the right to sue was equitably tolled.

suit within 90 days precluded plaintiff from recovering for any alleged discrimination that was the subject of the EEOC charge).

Ward argues, second, that under the doctrine of equitable tolling, the statute of limitations period was tolled while his prior lawsuits were pending. He calculates that the non-excluded time between January 20, 2001——the date of his discharge——and January 20, 2006——the date he filed the instant lawsuit——does not exceed two years, so this suit is timely. The court disagrees.

Even accepting the premise that the statute of limitations was equitably tolled during the periods when his lawsuits were pending in federal and state court,[5] Ward's argument assumes a two-year limitations period, which the court has already rejected. When the court applies the 90-day limitations period, it is clear that more than 90 days of non-tolled time have elapsed. More than 14 months elapsed between the time *Ward I* was dismissed and Ward filed *Ward II*. Almost five months elapsed between the time *Ward II* was dismissed and Ward filed this lawsuit. Consequently, even if based on the doctrine of equitable tolling the court excludes from the 90-day calculation the periods when litigation was pending, Ward still filed the instant suit well beyond the 90-day limitations

---

[5]*See Diggs v. Cunningham*, 2005 WL 2174956, *2 (N.D. Tex. 2005) (Kaplan, J.) ("The Fifth Circuit has allowed equitable tolling 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting *Rowe v. Sullivan,* 967 F.2d 186, 192 (5th Cir. 1992)).

period.

Accordingly, the City has established beyond peradventure that Ward's claim is barred by the statute of limitations, and it is entitled to summary judgment.

*     *     *

For the reasons explained, the court grants the City's August 9, 2006 motion for summary judgment and dismisses this case with prejudice by judgment filed today.

**SO ORDERED.**

December 6, 2006.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 9 -